KATHERINE M. PLUMMER, Administratrix, Appellant, v. EVERETT WRIGHT, Appellee.

No. 41136.

APRIL 5, 1932.

Tinley, Mitchell, Ross & Mitchell, and Dressler & Neely, for appellant.

Peterson, Smith & Peterson and Kennedy, Holland & De-Lacy, for appellee.

EVANS, J.—The plaintiff is the administrator of the estate of her husband, and brings this action to recover damages for his wrongful death. The accident under consideration occurred on August 11, 1930, upon a paved road leading out of Council Bluffs. Plummer, the intestate, was driving a new Ford car weighing 2275 pounds. The defendant was driving a Hudson car weighing 3470 pounds. In the afternoon of the date named, the defendant was on his way from Council Bluffs to a Boy Scout camp. He was driving north on paved road #30 immediately prior to the accident. In order to reach the camp it was requisite that he should leave the paved road and turn west on a gravelled road leading to the camp. This involved a turn to the left from the paved road into the gravel road. He was in the act of making this turn when the collision resulted. He testified that prior to the turn he looked to the rear for approaching cars and saw none; that he made the turn with his arm extended to the left to indicate his purpose. When he had just entered the Boy Scout road with his front wheels and while his rear wheels were still upon the pavement, his car was severely struck on its left rear corner by the car of Plummer, the intestate. Plummer had also come from the south over the same paved road and had overtaken the defendant at this point. This paved road had its curves in this region, one of which was but a short distance south of the place of the collision. Coming around such curve Plummer passed in succession two other cars, one of which was travelling 40 to 45 miles an hour. Just what his

actual rate of speed was, is a matter of mere approximation. But it is clear from the record that it was very great. When he had come near to the defendant's car he evidently apprehended the collision. He put on his brakes sufficiently to lock the wheels of his car. The skid marks of the locked wheels were apparent upon the pavement and were observed by all the witnesses who came upon the scene. Notwithstanding the locked wheels, the momentum of the car carried it forward. Its left front corner struck the left rear corner of the defendant's car. The force of the blow was such as to drive the car of the defendant to a point 20 feet north of the intersection of the Boy Scout road. When it came to a rest it was on the west side of the paved road and headed to the southwest. Plummer's car upon its own momentum went into the air, turned two somersaults in succession, landing upon its four wheels each time, and finally came to rest on the east side of the paved road and facing southwest. In the somersaults of the Plummer car, the four wheels were observable in the air to the several witnesses at a distance of hundreds of feet. Plummer fell to the pavement out of his car in the second somersault. When the cars had come to rest his broken body lay upon the pavement midway between the cars. That the accident resulted from the rate of speed of Plummer's car, which exceeded his ability to control it, is clearly manifest from the physical facts appearing in the record. In ruling upon the motion, the trial court caused to be entered of record his analysis of the evidence and the reasons for his conclusion. We think his ruling and the reasons for it were justified by the record. Our conclusion in that respect is somewhat confirmed by the comparative absence of evidence of negligence on the part of the defendant. If it can be said there was any evidence of such negligence, it is very meager indeed. On the question of defendant's negligence, it is the contention of the plaintiff that an obstacle fell to the highway from the defendant's car with which Plummer first collided, and that this was the prime cause of the accident. It appears that the defendant was carrying to the camp a water-heating tank 60 inches in length, and approximately 12 inches in diameter. He carried the same upon his running board and had secured the same carefully by the use of wire. After the accident this tank was found upon the pavement with wires broken and detached from the car. It is the theory and

contention of the plaintiff that those wires had become broken and the tank detached before the collision between the cars; and such is her explanation of the accident. The theory is inconsistent with all the other undisputed physical facts of the case, though it did have some support in the testimony of one witness. Even if the plaintiff's theory be accepted at that point, yet it does not negative the contributory negligence of the intestate. In view of our agreement with the conclusion of the trial court as to the question of contributory negligence, we see nothing to be gained by a repetition of the discussion.

The judgment below is accordingly—Affirmed.

WAGNER, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.